NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BUDDY WRIGHT AND AMY WRIGHT, | No. 17-16970 |
| Plaintiffs-Appellees, | D.C. No. 1:16-cv-01214-JLT |
| v. | |
| TEHACHAPI UNIFIED SCHOOL DISTRICT, | MEMORANDUM* |
| Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted November 13, 2018**
San Francisco, California

Before: FISHER and M. SMITH, Circuit Judges, and BUCKLO,*** District Judge.

Tehachapi Unified School District ("Appellant") appeals the district court's

award of attorneys' fees to Buddy and Amy Wright ("Appellees"), parents of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

A.W., who were prevailing parties in an administrative due process hearing pursuant to the Individuals with Disabilities Education Act ("IDEA"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

1. The district court did not abuse its discretion by declining to prohibit attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(D)(i). The record reflects that Appellees were primarily concerned about A.W.'s dangerous behavior at school, and the district court correctly concluded that the Administrative Law Judge's Order offered comparatively more favorable provisions than Appellant's May 2015 settlement offer for managing A.W.'s behavior. We deny Appellant's motion for judicial notice of extraneous materials submitted in connection with its argument, but we note that those materials would not alter our analysis.

2. The district court also did not abuse its discretion in calculating the amount of Appellees' fee award. The court carefully examined the evidence and made downward adjustments to account for block-billing, duplicative work, clerical tasks, and tasks not directly related to the administrative proceedings at issue. It reasonably concluded that no additional reductions were necessary to account for Appellees' partial success, particularly given that Appellees obtained the relief that was most important to them.

---

[1] Because the parties are familiar with the factual and procedural history of the case, we do not recount it here.

3. Finally, the district court did not abuse its discretion in calculating the lodestar using hourly rates from the Central District of California. Although courts ordinarily look to the prevailing market rates in the community where the fee action was brought, *Blum v. Stenson*, 465 U.S. 886, 895 (1984), they may look outside the forum when the relevant community lacks attorneys with "the degree of experience, expertise, or specialization required to handle properly the case." *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1992). Appellant acknowledges that qualified counsel was unavailable in Appellees' community, and it offers no support for the argument that the district court was required to examine the availability of counsel in other communities within the Eastern District of California before considering the prevailing rates of the Central District.

**AFFIRMED.**